Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Matthew R. Snyder (350907)
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
msnyder@toddflaw.com

*Attorneys for Plaintiff*,
Stephon Briganti-Ortiz

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHON BRIGANTI-ORTIZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OPENROAD LENDING, LLC; GLOBAL LENDING SERVICES, LLC; STELLANTIS FINANCIAL SERVICES, INC. d/b/a FIRST INVESTORS FINANCIAL SERVICES; REGIONAL ACCEPTANCE CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-1123<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>1.   VIOLATION OF THE FAIR CREDIT REPORTING ACT<br><br>JURY TRIAL DEMANDED |

### INTRODUCTION

1.      Plaintiff STEPHON BRIGANTI-ORTIZ ("Plaintiff"), by and through his attorneys, brings this class action against OPENROAD LENDING, LLC

(hereinafter "OpenRoad"), GLOBAL LENDING SERVICES, LLC (hereinafter "Global"), STELLANTIS FINANCIAL SERVICES, INC. (hereinafter "FI"), and REGIONAL ACCEPTANCE CORPORATION (hereinafter "RAC," and collectively, "Defendants"). This action is based upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et. seq.* ("FCRA").

2.     Defendants systematically violated the rights of consumers by inquiring into their consumer credit reports without a permissible purpose, and without adequately notifying them that they would do so.

3.     Plaintiff brings this class action complaint to challenge the actions of Defendants with regard to Defendants' impermissible inquiries into Plaintiff's and other similarly situated consumers' credit reports.

4.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.     Unless otherwise stated, all the conduct engaged in by Defendants took place in the State of California.

7.     Any violation by Defendants was knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8.     Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9.     This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.,* and 15 U.S.C. §1692, et

seq. Specifically, this action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq.

10.    Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

**PARTIES**

11.    Plaintiff is a natural person who resides in the County of Los Angeles, State of California, whose credit report was acquired by Defendants without a permissible purpose.  In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12.    Plaintiff is informed and believes, and thereon alleges, that Defendant OpenRoad is, and at all times mentioned herein was, a national auto loan broker, which does business throughout the State of California, with its principal place of business and state of incorporation in the State of Texas.  While OpenRoad itself is not a lender, it works with several partnered lenders to source applications for auto loans from consumers, such as Plaintiff.

13.    Plaintiff is informed and believes, and thereon alleges that Defendant Global is, and all times mentioned herein was, a national auto lender, which does business throughout the State of California with its principal place of business in the State of South Carolina, and its state of incorporation in Delaware.  Global is a lender that partners with OpenRoad to source applications for its auto loans from consumers, such as Plaintiff.

14.    Plaintiff is informed and believes, and thereon alleges that Defendant FI is, and all times mentioned herein was, a national auto lender, which does business throughout the State of California with its principal place of business and state of incorporation in the State of Texas.  FI is a lender that partners with OpenRoad to source applications for its auto loans from consumers, such as Plaintiff.

15.    Plaintiff is informed and believes, and thereon alleges that Defendant RAC is, and all times mentioned herein was, a national auto lender, which does business throughout the State of California with its principal place of business and state of incorporation in the State of North Carolina.  RAC is a lender that partners with OpenRoad to source applications for its auto loans from consumers, such as Plaintiff.

16.    Defendants Global, FI, and RAC will hereinafter be collectively referred to as "Lender Defendants."

17.    The true names and capacities of the Defendant sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

## FACTUAL ALLEGATIONS

18.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted business in the State of California. Plaintiff is informed and believes, and thereon alleges, that Defendants are "persons" as the term is defined by 15 U.S.C. § 1681a(b).

19.    In or around August of 2023, Plaintiff contacted Defendant OpenRoad to inquire about refinancing his existing auto loan.

20.    Plaintiff filled out the required application, and was quickly approved for such an auto loan through one of Defendant Open Road's partnered lenders.

21.    Thereafter, Plaintiff decided not to accept the loan, and ceased doing any business with Defendant OpenRoad.

22.    Despite this, in or around October of 2023, Defendant OpenRoad provided Lender Defendants with Plaintiff's information and credit application, so that Lender Defendants could evaluate Plaintiff for an auto loan.

23.    At this time, however, Plaintiff was no longer working with Defendant OpenRoad, and was not actively searching for an auto loan. As such, Plaintiff never authorized Defendant OpenRoad to submit an application on his behalf to Lender Defendants.

24.    Then, on or around October 22, 2023, Defendant Global inquired into Plaintiff's consumer credit reports, and on or around October 23, 2023, Defendants FI and RAC inquired into Plaintiff's consumer credit reports.

25.    At no time did Plaintiff authorize Lender Defendants to inquire into his consumer credit reports, and at no time did OpenRoad conspicuously disclose to him that it would provide Lender Defendants with his information so that it could do so.

26.    On information and belief, a contractual agreement exists between Defendant OpenRoad and Lender Defendants, wherein, for valuable consideration, Defendant OpenRoad will refer consumer applications, such as Plaintiff's, to Lender Defendants.

27.    On information and belief, Defendants were acting within the scope of their duties under the terms of said contractual agreement when Defendant OpenRoad provided Lender Defendants with Plaintiff's information and credit application, and when Lender Defendants inquired into Plaintiff's consumer credit reports.

28.    On information and belief, Defendant OpenRoad was aware that by providing Plaintiff's information to Lender Defendants, it was enabling Lender Defendants to inquire into Plaintiff's consumer credit reports.

29.    On information and belief, Defendant OpenRoad knew or should have known that it was not authorized by Plaintiff to provide his information and credit application to Lender Defendants.

30.    Defendant OpenRoad has an independent duty to determine whether it is clearly and conspicuously authorized to provide information and credit

applications to its partnered lenders, such as Lender Defendants, thereby authorizing the above-described credit inquiries.

31.    Defendant OpenRoad failed to do so with respect to Plaintiff and those similarly situated.

32.    On information and belief, Defendant OpenRoad is aware that the lenders to which it provides consumers' information, such as Plaintiff and those similarly situated, will use such information to inquire into those consumers' credit reports.

33.    As described above, an agency relationship exists between Defendant OpenRoad and its lending partners, including, but not limited to, Lender Defendants.

34.    As a result of Defendants' unauthorized inquiries into Plaintiff's consumer credit reports, Plaintiff's credit score dropped.

35.    This negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

36.    Moreover, Defendants improperly acquired sensitive credit and financial information about Plaintiff without having his authorization or any other permissible purpose.

37.    Plaintiff has been damaged, and continues to be damaged, in the following ways:

    A. Emotional distress and mental anguish associated with having unauthorized individuals accessing and viewing his sensitive personal, credit, and financial information.

    B. Decreased credit score which may result in inability to obtain credit on future attempts.

38.    At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and

scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

39.    At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

40.    Defendants violated the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681b(f):

        a.    Willfully and/or negligently using or obtaining a consumer credit report for an purpose not authorized by 1681b of the FCRA.

41.    Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

42.    Further, Defendants failed to notify Plaintiff of their intention to inquire into his consumer credit reports.

43.    As a result of the above violations of the FCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## CLASS ACTION ALLEGATIONS

44.    Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

45.    The class which Plaintiff seeks to represent is composed of and defined as follows:

///

Class:

> All persons whose information was provided by Defendant OpenRoad to one of its partnered lenders, and who thereafter had their consumer credit reports inquired into by said partnered lender without a permissible purpose within the two-year period prior to the filing of Plaintiff's Complaint.

Global Lending Subclass:

> All members of the Class whose information was provided by Defendant OpenRoad to Defendant Global, and who thereafter had their consumer credit reports inquired into by Defendant Global.

First Investors Subclass:

> All members of the Class whose information was provided by Defendant OpenRoad to Defendant FI, and who thereafter had their consumer credit reports inquired into by Defendant FI.

Regional Acceptance Subclass:

> All members of the Class whose information was provided by Defendant OpenRoad to Defendant RAC, and who thereafter had their consumer credit reports inquired into by Defendant RAC.

46.    Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

47.    Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, engaged in illegal and deceptive practices, when they submitted, or caused to be submitted, an unauthorized consumer report inquiry under 15 U.S.C.

§ 1681 et seq. Plaintiff and the Class members were damaged thereby.

48.    This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

49.    The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendant's agents' records.  Plaintiff, through discovery, will examine such records to determine membership in the Class.

50.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a.  Whether Defendants violated various provisions of the FCRA, including but not limited to 15 U.S.C. § 1681b;

   b.  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations;

   c.  Whether Plaintiff and the Class members suffered actual damages as a result of Defendant's conduct;

   d.  Whether Plaintiff and the Class members are entitled to statutory damages as a result of Defendant's conduct;

   e.  Whether Plaintiff and the Class members are entitled to injunctive relief; and

   f.  Whether Plaintiff and the Class members are entitled to an award of reasonable attorneys' fees and costs.

51.    As a person whose consumer credit reports were received by

Defendants without a permissible purpose, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

52.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

53.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

54.     A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

55.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. §§ 1681-1692X (FCRA)**

*Plaintiff Individually and on Behalf of the Class Against All Defendants*

56.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57.     The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

58.     15 U.S.C. § 1681b(f) provides that "[a] person shall not use or obtain a consumer report for any purpose unless—(1)the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e . . ."

59.     By using and/or obtaining Plaintiff's and the Class Members' consumer credit reports without a permissible purpose, as described herein, Defendants have violated 15 U.S.C. § 1681b(f).

60.     As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

61.     As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper Class representative, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

- For statutory damages for Plaintiff and each member of The Class

pursuant to the FCRA

- For actual damages according to proof;
- For punitive damages;
- An award of any such amount as the court may allow for all other class members, against Defendants;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), against Defendants; and,
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 9th day of February, 2024.

By:  /s/ Todd M. Friedman
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff